**In re Anonymous No. 68 D.B. 93**

Disciplinary Board Docket no. 68 D.B. 93.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

PARIS, *Member,* February 12, 1996—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendation to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

On August 25, 1993, the Office of Disciplinary Counsel filed a petition for discipline against respondent,

[    ], docketed at no. 68 D.B. 93. The petition alleged that respondent provided false and incomplete answers at the time of his application for admission to the bar of the Commonwealth of Pennsylvania, which answers resulted in misrepresentations to the Pennsylvania Board of Law Examiners.

No answer to the petition was filed by respondent within the prescribed time. A hearing on this matter was held on June 24, 1994 before Hearing Committee [    ] comprised of Chairperson [    ], Esquire, and members [    ], Esquire and [    ], Esquire. Respondent did not appear for the hearing nor was there any evidence submitted on his behalf at the hearing.

On October 24, 1994, the Hearing Committee filed its report and recommended that respondent be suspended from the practice of law for a period of three years with conditions at the time of filing any petition for reinstatement. No exceptions were filed by either party.

The board adjudicated the matter at its meeting on December 16, 1994.

## II. FINDINGS OF FACT

(1) Petitioner, Office of Disciplinary Counsel, whose principal office is located at Suite 3710, One Oxford Centre, Pittsburgh, PA is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and duty to investigate all matters involving alleged misconduct of any attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent, [    ], was born November 8, 1958, and was admitted to practice law in the Commonwealth of Pennsylvania on May 5, 1987. His attorney registration number is [    ], and he is subject to the disciplinary jurisdiction of the Disciplinary Board of the Supreme Court. His registered address is [    ]. While currently on "active" status, he has not registered for FY 1993-1994 or FY 1994-1995 with the Administrative Office of the Pennsylvania courts and is subject to being transferred to "inactive" status pursuant to the provisions of Rule 219, Pa.R.D.E.

(3) In or about late 1985, the respondent applied for registration as a candidate for admission to practice law in the State of Ohio and to take the February 1986 Ohio Bar examination by applications and questionnaires signed and notarized October 7, 1985 in which he indicated, inter alia, that he would graduate from [A] College of Law and receive a J.D. Degree in December of 1985.

(4) However, the respondent did not complete the requirements for graduation and was not eligible to take the February 1986 Ohio Bar exam. By letter dated February 20, 1986, the respondent was advised that his name had been removed from the list of applicants for that examination.

(5) The respondent subsequently completed the graduation requirements and, by letter dated May 7, 1986, the records officer of the [A] College of Law informed the Ohio Board of Bar Examiners that the respondent was eligible to take the July 1986 exam. However, the respondent did not take the July 1986 Ohio exam.

(6) Rather, in or about late 1986, the respondent applied to take the February 1987 Pennsylvania Bar examination by submitting an application for admission

to the bar of the Commonwealth of Pennsylvania Board of Law Examiners.

(7) On his Pennsylvania application, the respondent falsely answered "No" to Question no. 21 which asked if he had ever applied to sit for a bar examination in this or any other state or country and, if so, to provide the date filed, jurisdiction, and the disposition. He further failed to reveal that he had applied to take the February 1986 Ohio Bar examination.

(8) The respondent also falsely answered "No" to Question no. 22 which asked if he had ever applied for admission to practice as an attorney or counselor in this or any other state or country and, if so, to provide the date filed, jurisdiction, whether his application was by motion or bar examination, and the disposition. Further, he failed to reveal his application for registration as a candidate for admission to practice law in the State of Ohio and the disposition of that application.

(9) The respondent falsely and incompletely answered those questions on his Pennsylvania application despite his verification that he had answered truly and correctly, subject to the penalties of 18 Pa.C.S. §4904 (relating to unsworn falsification to authorities), and had not omitted any facts or matters pertinent thereto.

(10) The respondent passed the February 1987 Pennsylvania Bar examination and was admitted to the bar of this Commonwealth on May 5, 1987, and currently can engage in the practice of law in this jurisdiction.

(11) Respondent's false and incomplete answers to those questions deprived the Pennsylvania Board of Law Examiners the opportunity to make appropriate inquiry into the facts and circumstances surrounding the respondent's previous application to take the February 1986 Ohio Bar examination and the reason or

reasons why the respondent was not allowed to take and/or did not take that examination.

(12) While it appears the respondent did not take the February 1986 Ohio Bar examination because he had not yet graduated from law school, it is unknown if that was the actual or only reason. The records of the Supreme Court of Ohio regarding any proceedings that may have been held to determine the respondent's character, fitness, and moral qualifications for admission to practice law in Ohio are confidential and are not available to the petitioner under the provisions of Rule I, sections 10(G)(6) and 11(C)(8)(e) of the Supreme Court Rules for the government of the bar of Ohio, which provide that all information regarding character and fitness of an applicant shall be kept confidential and shall not be released except with a written release by the applicant. Despite repeated requests by petitioner, the respondent has failed to execute a written release which would permit the petitioner to obtain the confidential character and fitness records of the Supreme Court of Ohio relative to the respondent's application.

(13) The respondent was transferred to "inactive" status for his failure to register and pay his attorney assessment for FY 1993-1994 by order of the Supreme Court of Pennsylvania dated November 22, 1993, effective December 22, 1993. Further, since December 22, 1993, the respondent has not been authorized to practice law in Pennsylvania and has not sought reinstatement to active status. See exhibit PX-3.

(14) The respondent had business dealings with [B], including the purchase, renovation and subsequent leasing of multi-family properties or apartment dwellings. (N.T. p. 16.)

(15) The respondent as part of his business dealings with [B] was responsible for the collection of the rent from tenants. (N.T. p. 16.)

(16) The respondent commingled the rent receipts and converted the same to his own use. (N.T. pp. 16, 23.)

(17) [B] testified before a committee of the Ohio Board of Bar Examiners relative to the respondent's fitness as a candidate to become a lawyer in the State of Ohio. (N.T. p. 17.)

(18) The respondent was never admitted to the practice of law in the State of Ohio.

## III. CONCLUSIONS OF LAW

The board finds that the respondent violated the following Rules of Professional Conduct:

(A) D.R. 1-101(A)—which provides that "a lawyer is subject to discipline if he has made a materially false statement in, or if he has deliberately failed to disclose a material fact requested in connection with, his application for admission to the bar";

(B) D.R. 1-102(A)(3)—which prohibits an attorney from engaging in illegal conduct involving moral turpitude;

(C) D.R. 1-102(A)(4)—which prohibits a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation;

(D) D.R. 1-102(A)(5)–which prohibits a lawyer from engaging in conduct that is prejudicial to the administration of justice; and,

(E) D.R. 1-102(A)(6)–which prohibits a lawyer from engaging in any other conduct that adversely reflects on his fitness to practice law.

## IV. DISCUSSION

Respondent herein did not in any way acknowledge and/or participate in these disciplinary proceedings. Moreover, respondent attempted to evade service of the petition as set forth in exhibit PX-1 and has otherwise failed to file an answer to the petition for discipline. As a result thereof, the Hearing Committee adopted certain findings of fact which were the subject and contents of the petition for discipline and were supported by the testimony and exhibits.

Prior to addressing the alleged violations of the Disciplinary Rules of the Pennsylvania Code of Professional Responsibility, the Hearing Committee first noted that the respondent had, by his actions, shown disdain for and indifference to the disciplinary process. The evidence presented in the instant matter revealed that the respondent knowingly, wilfully and surreptitiously avoided personal service of the petition for discipline, which required Disciplinary Counsel to undertake extraordinary steps to serve said petition. The actions of the respondent relative to service and the necessary steps taken by the Office of Disciplinary Counsel are amply set forth in exhibit PX-1, and will not be herein set forth at length. The Hearing Committee found that said actions are consistent with the respondent's past actions relative to his applications for admission to the bar of this Commonwealth, and, in and of themselves, amounted to deceitful conduct and/or conduct that adversely reflects on his fitness to practice law.

Despite the efforts made relative to service of the petition for discipline, the respondent did not file an answer to the petition, nor did he appear at the hearing. These facts likewise show his disdain for and indif-

ference to the disciplinary system. The Hearing Committee found this conduct to be an aggravating factor.

It should be noted at this point that the Hearing Committee found that valid service of process was made in the instant matter, should the respondent ever attempt to raise that issue in the future.

Turning to the conduct of the respondent relative to his application for admission to the bar of this Commonwealth, the respondent violated D.R. 1-101(A), D.R. 1-102(A)(3), D.R. 1-102(A)(4), D.R. 1-102(A)(5), and D.R. 1-102(A)(6). In fact, the respondent's violations of the aforesaid sections were voluntarily, knowingly and wilfully committed. The respondent, prior to the application for admission to the bar of this Commonwealth, had clearly applied for admission to practice law in the State of Ohio. According to the testimony presented and exhibits, this occurred in the fall of 1985. The respondent, however, did not successfully complete the requirements for graduation and was not eligible to take the February 1986 Ohio Bar exam. The respondent did subsequently complete the requirements for graduation and was eligible to take the July 1986 Ohio exam. However, the respondent did not take that examination.

According to the testimony presented before the Hearing Committee from [B], who the Hearing Committee found credible, at or about the time the respondent was to take the July 1986 Ohio examination, an objection was filed with the Supreme Court of Ohio relative to the respondent's fitness to practice law and testimony was taken. The substance of that testimony was summarized in the record in this matter and may have precluded the admission of the respondent to the bar of this Commonwealth if previously disclosed, but the Hearing Committee found that it is not necessary to

address that issue. That issue can be addressed at a later date, if necessary. The important fact is that the respondent clearly had, prior to this application to the bar of this Commonwealth, applied for admission in the State of Ohio.

The respondent on his Pennsylvania application falsely answered "No" to Question no. 21 which asked if he had ever applied to sit for a bar examination in this or any other state or country and, if so, to provide the date filed, jurisdiction, and the disposition. See exhibits PX-4 and PX-5. The respondent revealed by exhibit PX-6.

The respondent likewise falsely answered "No" to Question no. 22 on the application. See exhibits PX-4 and PX-5. This question asked about prior application for admission to practice as an attorney or counselor in this or any other state.

By answering "No" to Question no. 21 and Question no. 22, the respondent provided false answers. There is no doubt that the false answers were provided deliberately to deceive the Pennsylvania Board of Law Examiners and to attempt to hide what had previously transpired in Ohio. This action effectively deprived the Pennsylvania Board of Law Examiners the opportunity to make appropriate inquiry into the facts and circumstances surrounding the respondent's previous application in Ohio and why the examination had not been taken.

Despite repeated requests, the respondent failed to complete an appropriate authorization to allow the Office of Disciplinary Counsel to obtain a complete copy of the Ohio records so that the open question as to "why the respondent did not take the Ohio exam," could be answered. The refusal to execute the requested

authorization creates an adverse inference, but that is not necessary to dispose of the instant matter.

Disciplinary Counsel in his letter brief of July 13, 1994, summarized the violations as follows on page two thereof:

"The purpose of Questions 21 and 22 is obvious: to allow the Pennsylvania Board of Law Examiners to discover what happened and/or to verify what happened relative to prior applications for admission to practice in this or other jurisdictions. The respondent's false answers and failure to disclose his prior application in Ohio were in direct violation of D.R. 1-101(A), which provides that a lawyer is subject to discipline if he has made a materially false statement in, or if he has deliberately failed to disclose a material fact required in connection with, his application for admission to the bar. Since the respondent's application was verified under penalty of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities, the respondent engaged in illegal conduct involving moral turpitude in violation of D.R. 1-102(A)(3). The respondent's false and incomplete answers also constitute "misrepresentations" in violation of D.R. 1-102(A)(4) and, indeed, were intended to and did deceive the Pennsylvania Board of Law Examiners into believing the respondent had not previously applied to take a bar examination or for admission to practice in some jurisdiction. The respondent had something to hide from the Pennsylvania Board of Law Examiners and his false and incomplete answers effectively precluded that Supreme Court agency from carrying out its responsibility to attempt to insure that only qualified individuals can take the Pennsylvania Bar exam and be admitted to the practice in this Commonwealth. The respondent thereby prejudiced the administration of justice in violation of D.R. 1-102(A)(5).

Finally, since fidelity to truth and honesty is the cornerstone of our judicial system, the respondent's conduct of gaining permission to sit for the Pennsylvania Bar examination and his subsequent admission to practice law in this jurisdiction under false pretenses adversely reflected upon his fitness to practice law in violation of D.R. 1-102(A)(6). Indeed, the respondent's false and incomplete answers on his Pennsylvania application were the antithesis of what is demanded of members of the bar . . . ."

The Hearing Committee accepted this summary of the violations, as does the Disciplinary Board and considering what is expected of members of this bar, the Disciplinary Board finds that the actions of the respondent as revealed by the testimony and exhibits is not in accordance therewith. The dishonesty exhibited by the respondent herein cannot be tolerated and clearly establishes his unfitness to practice law. See *Office of Disciplinary Counsel v. Grigsby,* 493 Pa. 194, 425 A.2d 730 (1981).

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends that respondent, [    ], be suspended for a period of three years and pay all of the necessary expenses incurred in the investigation and processing of this matter pursuant to Rule 208(g), Pa.R.D.E. It is further recommended that should respondent apply for reinstatement, he be required to execute an authorization to release the Supreme Court of Ohio records and be required to submit to a psychological examination as part of any reinstatement process to determine his mental competency to practice law.

Ms. Rudnitsky recused herself.

Board Member Kerns did not participate in the December 16, 1994 adjudication.

## ORDER

And now, March 1, 1996, upon consideration of the report and recommendations of the Disciplinary Board dated February 12, 1996, it is hereby ordered that [respondent], be and he is suspended from the bar of this Commonwealth for a period of three years, and he shall comply with all the provisions of Rule 217 Pa.R.D.E.

It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

It is further ordered that should [respondent] apply for reinstatement he shall execute an authorization to release the Supreme Court of Ohio records and shall submit to a psychological examination.